## United States Bankruptcy Court
### Southern District of Texas

**05-81357**

In re  **Richard Kevin Gore**
       **Sylvia Darlene Gore**
                     Debtor(s)

Case No.
Chapter   **13**

# CHAPTER 13 PLAN

BUDGET INFORMATION

|  |  |
|---|---|
| Total Monthly Income | $ **2,800.00** |
| Expenses | $ **2,593.00** |
| Difference | $ **207.00** |

ANALYSIS OF PLAN:  Debtor shall submit such portion of future income to the supervision and control of the Trustee as is necessary for the execution of this Plan, as follows.

|  |  |  | **Variable Plan Payments*** |
|---|---|---|---|
| A. | Monthly Payment (if variable, attach payment schedule) | $ |  |
| B. | Duration **60** Months; Date Payments Start |  |  |
| C. | Gross Amount from Debtor (for plan duration) | $ | **81,600.00** |
| D. | Trustee's Comp. & Expense Fund (**10**% of C) | $ | **8,160.00** |
| E. | Net Available to Creditors | $ | **73,440.00** |

**NON STANDARD PROVISIONS**  **X**  are included (see line U); _____ are not included.

F. **INTERIM DISBURSEMENTS OF PLAN PAYMENTS:**
**X** Debtor(s) request and consent to disbursement by the Chapter 13 Trustee of plan payments prior to confirmation of the plan to evidence Debtor's good faith, promote successful completion of the case and to provide adequate protection to secured creditors.  The Chapter 13 Trustee shall begin disbursements as soon as practicable after the first date set for the §341 meeting of creditors and entry of an Order for Interim Disbursements.

_____ Debtor does not consent to interim disbursements and has filed a Motion for Waiver of this requirement.

G. **SECURED CLAIMS:** The Debtor proposes to pay the lesser of the value of the collateral securing the claim or the amount of the claim, with interest as set forth below.  Unless otherwise indicated below, **Debtor's payments will be distributed pro rata among all secured claims** on a monthly basis.

| Creditor | Total Claim | Collateral Value/ Secured Claim | Int. Rate | 1st/Last Payment (Anticipated) | Anticipated Total |
|---|---|---|---|---|---|
| **Irwin Mortgage** | 4,229.00 | 137,000.00 | 4.50 | 1 to 57 | 4,824.32 |
| **Conn's Credit Corp.** | 1,300.00 | 1,300.00 | 6.50 | 1 to 57 | 1,573.60 |
| **Ford Credit** | 31,200.00 | 31,200.00 | 2.99 | 1 to 57 | 34,044.54 |
| **Ford Credit** | 22,000.00 | 22,000.00 | 6.90 | 1 to 57 | 26,948.74 |
| **Kay Jewelers** | 400.00 | 400.00 | 6.50 | 1 to 57 | 484.20 |
| **Retail Services** | 115.00 | 115.00 | 6.50 | 1 to 57 | 139.19 |
| **Zales Credit Plan** | 200.00 | 200.00 | 6.50 | 1 to 57 | 242.04 |

G. 1                                                                   Total Secured Claims:   $ **68,256.63**

G. 2    **LIEN RELEASE:**  The holder of each secured claim shall retain the lien on the collateral securing its claim.  Once a secured creditor (other than a creditor paid directly pursuant to this plan under 11 U.S.C. § 1322(b)(2) & (b)(5)), has received payments which satisfy the creditor's secured claim, the creditor shall release the lien(s) securing its claim, except to the extent the Internal Revenue Code or the Bankruptcy Code operate to provide otherwise.

    H.    **PRIORITY CLAIMS:** All claims entitled to priority under 11 U.S.C. § 507 shall be paid in full in deferred cash payments, except to the extent the holder of such claim agrees to a different treatment, as follows. **Debtor's payments will be distributed pro rata among all priority unsecured claims** on a monthly basis subsequent to Trustee's distribution on secured claims.

| Creditor | Type of Priority | Priority Amount | 1st/Last Payment (Anticipated) | Total |
|---|---|---|---|---|
| Internal Revenue Service | Sec. 507(a)(8) | 160.00 | 57 to 57 | 160.00 |

    H 1.    **Total Priority Claims:**  $ __160.00__

    H 2.    Debtor shall file all tax returns as they become due and pay all governmental unit taxes arising post petition as they become due.

    I.    **GENERAL UNSECURED CLAIMS SEPARATELY CLASSIFIED:** To the extent this plan classifies claims, the same treatment is provided for each claim within a particular class. The following unsecured claims are classified separately and shall be treated differently from other general unsecured claims and paid by the Trustee as specified below.

| Creditor | Nature of Debt (Criminal Restitution, Etc.) | 1st/Last Payment (Anticipated) | Anticipated Total |
|---|---|---|---|
| -NONE- | | | |

    I 1.    Total unsecured claims separately treated, if any: $ __0.00__

    J.    Amount available for general unsecured claims    $ __5,023.37__
(Line E) - (Lines G1 + H1 + I1)

    K.    Anticipated total general unsecured claims (excluding separately treated claims)    $ __76,619.87__

    L.    Anticipated minimum percentage payment for other general unsecured claims
(excluding separately treated claims)    __7 %__

Note: The percentage shown is for the purposes of estimation only. It is based upon the amount of debt listed by the debtor in the schedules filed with the Court. If actual allowed claims are different than those scheduled by the debtor, the percentage paid to unsecured creditors may change.

    M.    The timely filed allowed general unsecured claims will be paid on a pro rata basis after the above listed creditors are paid (Lines G, H, I). General unsecured claims which are not filed shall not receive distribution from the Trustee.

    N.    These claims shall be paid by Debtor directly to the creditor pursuant to this plan.

| Creditor | Nature of Debt | Type of Claim (Secured, Priority, Unsecured) |
|---|---|---|
| Irwin Mortgage | Deed of Trust | Secured |

    O.    These secured claims and liens are provided for by Debtor surrendering the collateral pursuant to 11 U.S.C. §1325(a)(5)(C), including setoffs of prepetition tax refunds, cash collateral, and any creditor's exercise of reclamation rights.

| Creditor | Type of Lien | Collateral | Value |
|---|---|---|---|
| -NONE- | | | |

    P.    **INSURANCE:** If required under a security instrument, an assumed executory contract or an assumed lease, debtor shall maintain insurance on all collateral retained under this plan at least to the extent of the amount to be paid to the creditor pursuant to this plan, and if the collateral is a principal residence that is a creditor's sole security, then the insurance maintained must comply with the mortgage and deed of trust.

    Q.    These **UNEXPIRED LEASES or EXECUTORY CONTRACTS** are assumed, rejected or assigned under 11 U.S.C. §§ 1322(a)(7) and 365.

| Creditor | Property Description | Election (Assume, Reject, Assign) | In Default (Y or N) |
|---|---|---|---|
| Archstone Red Rocks Apts. | 3 month lease, began 2/27/2005 | Reject | N |

       Payments on assumed leases or executory contracts which become due post confirmation shall be paid by debtor directly to the creditor.  Allowed claims on rejected leases or executory contracts will be paid on a pro rata basis with other allowed general unsecured claims specified in paragraph L.

       R.     If the Trustee receives a federal or state tax refund or tax credit which the Debtor may become entitled to during the term of the plan, the trustee is authorized to forward such refund to the Debtor or apply such refund to delinquent or future plan payments.  Additionally, the Trustee may move to modify the plan to increase the total plan payments by the amount of the refund.

       S.     The unsecured creditors shall receive through the Plan not less than the amount that would be received through a Chapter 7 liquidation in this Case.

       T.     All property of Debtor's Estate shall vest in Debtor  **X**  upon Debtor's Plan being confirmed; ____ upon Debtor receiving a discharge under 11 U.S.C. §1328 or Debtor's Case being dismissed.  The automatic stay shall remain in effect as to all property of the Debtor and Debtor's estate pursuant to 11 U.S.C. §362(c), except as further ordered by the Court.

       U.     **NON STANDARD PROVISIONS:**

       **\*The plan is a step plan or has lumpsum payments which will pay as follows:  $200.00  per month for 12 months, then $1,200.00  per month for 12  months, then $1,800.00  per month for 36  months**

       I declare under penalty of perjury that this Plan Summary represents the terms of the plan proposed for confirmation by Debtor for treatment of all creditors and distributions by the Chapter 13 Trustee.

| | |
|---|---|
| **/s/ H. Brad Parker 15487100** | **/s/ Richard Kevin Gore** |
| **H. Brad Parker 15487100** | **Richard Kevin Gore** |
| Attorney for Debtor(s) | Debtor |
| Dated: **May  6, 2005** | **/s/ Sylvia Darlene Gore** |
| | **Sylvia Darlene Gore** |
| | Debtor's Spouse |